UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br>v.<br><br>ALI HOZHABRI,<br>　　　Defendant. | §<br>§　CRIMINAL NO. H-07-452 S<br>§<br>§<br>§<br>§ |

# PLEA AGREEMENT

The United States of America, by and through Steven A. Tyrrell, Chief of the Fraud Section, Criminal Division, United States Department of Justice, and Nicola J. Mrazek, Trial Attorney, and the defendant, Ali Hozhabri, and the defendant's counsel, Philip H. Hilder, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

## The Defendant's Agreement

1.　　The defendant agrees to plead guilty to Count One of the Criminal Superseding Information filed with this agreement, which charges defendant with conspiracy to violate the laws of the United States in violation of Title 18, United States Code, Section 371. The defendant, by entering this plea, agrees that he is waiving indictment on this charge and any right to have the facts that the law

makes essential to the punishment charged in the Superseding Information proved to a jury or proved beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for a violation of Title 18, United States Code, Section 371 is imprisonment of not more than 5 years and a fine of not more than $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s), whichever is greater  Additionally, the defendant may receive a term of supervised release after imprisonment of up to three years.  Title 18, U.S.C., Sections 3559(a)(4) and 3583(b)(2).

3. The defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release without credit for time already served on the term of supervised release prior to such violation.  Title 18, U.S.C. Section 3583(e)(3).  The defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

4. Pursuant to Title 18, U.S.C., Section 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court

a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Restitution, Forfeiture, and Fines

5.   This plea agreement is being entered into by the United States on the basis of defendant's express representation that the defendant will make a full and complete disclosure of all assets over which defendant exercises direct or indirect control, or in which defendant has any financial interest.

6.   The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure.

7. The defendant agrees to pay restitution to the victims regardless of the counts of conviction. Defendant stipulates and agrees that as a result of his criminal conduct his employer incurred a monetary loss. Defendant understands that the Court will determine the amount of full restitution to compensate all victims.

8. Immediately upon entering his plea of guilty, the defendant agrees to deposit $34,478.86 with the registry of the court, c/o the United States Clerk's Office, as partial payment of victim restitution. The defendant also agrees to relinquish all rights to the $199,878.28 in cash and cashiers checks that the Federal Bureau of Investigation took custody of on February 12, 2008, with the understanding that those funds would, in due course, also be transferred to the registry of the court. The parties agree that the funds will be credited against the Court's restitution order.

9. The defendant understands that under the Sentencing Guidelines, the Court may order the defendant to pay a fine to reimburse the government for the costs of any imprisonment or term of supervised release.

10. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment.

11. The defendant agrees to forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, $468,714.28 (the "Forfeiture Judgment") in full satisfaction of the forfeiture allegation in the Superseding Information. The defendant's forfeiture obligation shall be joint and several with that of his co-conspirators.

   a. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to assets to the United States in satisfaction of the Forfeiture Judgment, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that the property covered by this Forfeiture Judgment is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

   b. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## Cooperation

12. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The

defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the Criminal Division of the United States Department of Justice. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in his plea of guilty through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 11 of this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

13. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant. The defendant understands that such information includes both state and federal offenses. In that regard:

    a. Defendant agrees that this plea agreement binds only the Criminal Division of the U.S. Department of Justice and defendant; it does not bind any United States Attorney or any other Division of the Department of Justice;

    b. Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his

    Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

c.  Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

d.  Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

e.  Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation;

f.  Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

14.  The defendant is aware that Title 18, U.S.C., Section 3742, affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive his right to appeal the sentence imposed or the manner in which it was determined, except that defendant reserves the right to appeal a sentence imposed above the statutory maximum or an upward departure not requested by the United States.

15.  Additionally, the defendant is aware that Title 28, U.S.C., Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence

after the conviction or sentence has become final. The defendant waives his right to contest his conviction or sentence by means of any post-conviction proceeding, and the defendant also waives his right to appeal his conviction.

16. If the defendant instructs his attorney to file a notice of appeal of his sentence or of his conviction, or if defendant instructs his attorney to file any other post-conviction proceeding attacking his conviction or sentence, defendant understands that the United States will seek specific performance of defendant's waivers in this plea agreement of defendant's right to appeal his sentence or conviction and of defendant's right to file any post-conviction proceedings attacking his conviction or sentence.

17. In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, from the United States, or from the U.S. Probation Office is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the U.S. Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court.

*United States v. Booker*, 543 U.S. 220 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor to sentence defendant within the calculated guideline range.

18. The defendant understands and agrees that each and all waivers contained in this plea agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States of America's Agreements

19. The United States agrees to each of the following:

a. If the defendant pleads guilty to Count One of the Superseding Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the previously filed Indictment charging three counts of bulk cash smuggling, 31 U.S.C. § 5332(a)(1), and three counts of failure to file reports regarding monetary instruments, 31 U.S.C. §§ 5316(a)(1)(A), 5316(b), and 5322, and will not prosecute defendant any further based on the information the United States presently has.

b. Should the defendant accept responsibility as contemplated by the U.S. Sentencing Guidelines, the United States agrees not to oppose defendant's request to the U.S. Probation Office and to the Court that defendant receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a).

c. If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and if the offense level determined prior to the operation of 3E1.1(a) is level 16 or greater, the United States agrees not to oppose

an additional one level downward adjustment for defendant for a timely plea.

d. Should the defendant persist in his plea through sentencing, the United States agrees to recommend to the Court

   i. that the defendant did not obstruct justice by his statements to his company's internal investigators as contemplated in Section 3C1.1 of the Sentencing Guidelines, and

   ii. that the financial loss as contemplated in Section 2B1.1(b)(1) of the Sentencing Guidelines be based on the total amount embezzled from ABB NM, $468,714.28.

### United States of America's Non-Waiver of Appeal

20. Notwithstanding paragraph 19 above, the United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines. Specifically, the United States reserves the right:

   a. to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

   b. to set forth or dispute sentencing factors or facts material to sentencing;

   c. to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

   d. to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and with Title 18, U.S.C. Section 3553(a); and,

   e. to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

21. The defendant is aware that the sentence will be imposed after the Court's consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which defendant pleads guilty and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable U.S. Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the U.S. Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea and will remain bound to fulfill all of his obligations under this plea agreement.

## Rights at Trial

22. The defendant represents to the Court that he is satisfied that his attorneys have rendered effective assistance. Defendant understands that by

entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

- a. If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

- b. At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorneys would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

- c. At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

23. The defendant is pleading guilty because he *is* guilty of the charge contained in Count One of the Superseding Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond

a reasonable doubt. The following facts, among others would be offered to establish the defendant's guilt:

    a.    Between approximately October 2001 and March 2004, the defendant and his supervisor, the ABB NM General Manager ("General Manager"), embezzled from their employer approximately $468,714.28. The defendant kept approximately $234,357.14, and the General Manager received the other half of the proceeds. The defendant held approximately $199,878.28 of his portion of the embezzled funds in cash and cashiers checks, which he has voluntarily relinquished to the government.

    b.    The defendant was employed by ABB Network Management ("ABB NM"), a component of ABB, Inc. that was located in Sugar Land, Texas. ABB NM's business was to provide products and services to electrical utilities for network management in power generation, transmission, distribution, and consumption. The defendant was a project manager on several ABB NM projects that provided hardware, software, and services to foreign governmental utilities. Two of the defendant's projects were the ITAIPU project in Brazil, and the ADCO project in the United Arab Emirates (UAE). The defendant was supervised on these projects primarily by the General Manager.

    c.    The General Manager and the defendant conspired to steal funds generated by the ITAIPU and ADCO projects by pretending that the defendant needed cash and personal checks from ABB NM to pay for various "local works," "subcontractor fees," "local field support," "consulting resources," and "commissions" in Brazil and the UAE. Together, the General Manager and the defendant falsely corroborated the purported use of the funds by timing the requests to correspond with the defendant's travels to Brazil and the UAE, documenting the requests and approvals of the funds through emails and manual check requests, and telling others at ABB NM that the funds were to be taken abroad for these purposes.

    d.    With respect to the ADCO project, the defendant, at the request of the General Manager, agreed to steal funds generated from two ADCO

payments to ABB NM. With respect to the ITAIPU project, the defendant and the ABB NM General Manager realized that ABB NM was due funds under a provision of the ITAIPU contract that allowed for the readjustment of invoices to account for inflation. Bypassing normal procedures, the defendant personally created and sent invoices pursuant to the readjustment clause and used a different account number on the invoices than the usual bank account for incoming ITAIPU funds to further conceal the embezzlement.

e.  The defendant received the requested cash and checks and provided the General Manager with approximately half of the funds in cash. The defendant personally retained the ABB NM checks he fraudulently obtained, which he converted to cashier's checks at his bank, and kept enough cash to equal his one-half share of the embezzled money. He held most of his share of the embezzled funds in a desk drawer or a safety deposit box, but also deposited at least $31,900 in cash into his checking account.

f.  When questioned by the company's internal investigators about the cash, checks, emails, and manual check requests, the defendant falsely stated that the cash and checks were used to pay foreign government officials at ITAIPU and ADCO to obtain or retain business for ABB NM.

## Breach of Plea Agreement

24.  If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement and the defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation

of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside defendant's guilty plea and reinstate the prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

25. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the Criminal Division of the United States Department of Justice, whose judgment in that regard is final.

## Complete Agreement

26. This written plea agreement, consisting of 19 pages, including the attached addendum of the defendant and his attorneys, constitutes the complete plea agreement between the United States, defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27. Any modification of this plea agreement must be in writing and

signed by all parties.

Filed at Houston, Texas, on this 23 day of June, 2008.

_____
Ali Hozhabri
Defendant

Subscribed and sworn to before me on this 23 day of June, 2008.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

STEVEN A. TYRRELL, CHIEF
MARK F. MENDELSOHN,
DEPUTY CHIEF
FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_____
Nicola J. Mrazek
Trial Attorney
Section, Criminal Division
U.S. Department of Justice
1400 New York Ave, Rm 4404
Washington, DC 20005
Tel.: (202) 514-8122
Fax.: (202) 514-7021

_____
Philip H. Hilder
Attorney for Defendant Ali Hozhabri
819 Lovett Blvd.
Houston, TX 77006
Tel.: (713) 655-9111
Fax: (713) 655-9112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. H-07-452 |
| | § | |
| ALI HOZHABRI, | § | |
| Defendant. | | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending Superseding Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and Policy Statements, and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the U.S. Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____   _____6-23-08_____
Philip H. Hilder                            Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorneys. I understand this agreement and I voluntarily agree to its terms.

_____  _____6-23-08_____
Ali Hozhabri                              Date
Defendant